

FILED

2006 AUG 30 PM 3: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS D. WANDLING<br>13530 Amodio Street, N.W.<br>Uniontown, OH 44685 | )<br>)<br>) | CASE NO. **5**:06 CV 2090 |
| and | )<br>) | **JUDGE NUGENT** |
| BETTY I. WANDLING<br>13530 Amodio Street, N.W.<br>Uniontown, OH 44685 | )<br>)<br>)<br>) | **MAG. JUDGE BAUGHMAN** |
| and | )<br>) | |
| ARLENE M. KUPCZAK<br>10113 Wellman Road<br>Streetsboro, OH 44241 | )<br>)<br>) | |
| Plaintiffs | )<br>) | |
| vs. | )<br>) | JUDGE:<br>Magistrate Judge: |
| EVERGREEN INVESTMENT<br>CORPORATION<br>c/o R & A Agents, Inc.<br>Attn: George R. Sarkis, Esq.<br>222 South Main Street<br>Akron, OH 44308 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| EVERGREEN HOMES LLC<br>c/o David Willan<br>611 W. Market Street<br>Akron, OH 44303 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| DAVID B. WILLAN | ) | |

Waivers filed

| | |
|---|---|
| 800 Merriman Road | ) |
| Akron, OH 44303 | ) |
| | ) |
| and | ) |
| | ) |
| DANIEL MOHLER | ) |
| 251 Summit St. | ) |
| Wadsworth, OH 44281 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES NUMBERED 1 – 100 | ) |
| Unknown Officers, Directors, Owners, | ) |
| Shareholders, Members and Partners | ) |
| of Evergreen Investment Corporation | ) |
| (addresses unknown) | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES NUMBERED 1 – 100 | ) |
| Unknown Officers, Directors, Owners, | ) |
| Shareholders, Members and Partners of | ) |
| Evergreen Homes, LLC | ) **COMPLAINT** |
| (addresses unknown) | ) Type: Securities Fraud, Rescission, |
| | ) Fraud, Punitive Damages |
| Defendants | ) (Jury Demand Endorsed Hereon) |

## JURISDICTION

1. This action arises from violations by the defendants of 17 CFR sec.240.10b-5 (hereinafter "Rule 10b-5"), promulgated in accordance with the Securities Exchange Act of 1934, 15 U.S.C. sec.78a, *et seq.*,

2. This court possesses jurisdiction over the subject matter of the Rule 10b-5 claim as a Federal action; this court may hear the remainder of the causes due to its pendent jurisdiction.

3. Plaintiffs are residents of Stark County, Ohio; based on information and belief, the personal defendants are residents of Summit County and Medina

2

County, Ohio, and the corporate defendants maintain their principal places of business in Summit County, Ohio.

## **FIRST COUNT – Rule 10b-5 Liability**

4. For plaintiffs' First Count they incorporate by this reference each and every allegation contained in paragraphs #1 through 3 hereof as if rewritten.

5. Plaintiffs either were sold securities, or were aided and abetted in the sale of securities by the defendants.

6. On or about December 27, 2005 the plaintiff Betty I. Wandling was sold a security attached hereto as <u>Exhibit</u> "<u>A</u>" entitled "Evergreen Investment Corporation [Maturity] <u>Subordinated Investment Certificate, Series 2005-1</u>" in the amount of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00)

7. On or about May 22, 2006 the plaintiff Dennis D. Wandling was sold a security attached hereto as <u>Exhibit</u> "<u>B</u>" entitled "Evergreen Investment Corporation [Maturity] <u>Subordinated Investment Certificate, Series 2005-1</u>" in the amount of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00).

8. On or about May 22, 2006 the plaintiff Betty I. Wandling was sold 17.8 "Class G Membership Units" in Evergreen Homes, LLC, for the amount of ONE HUNRED SEVENTY-EIGHT THOUSAND AND NO/100 DOLLARS ($178,000), the subscription agreement for which is attached hereto as <u>Exhibit</u> "<u>C</u>".

9. On or about May 22, 2006 the plaintiff Arlene M. Kupczak was sold 6.2 "Class G Membership Units" in Evergreen Homes, LLC, for the amount of

SIXTY-TWO THOUSAND AND NO/100 DOLLARS ($62,000.00), the subscription for which is attached hereto as Exhibit "D".

10. In fact, at or around the time of the purchases aforesaid, the defendant Evergreen Investment Corporation was being investigated for violations of Ohio securities laws and regulation by the State of Ohio Department of Commerce, Division of Securities (hereinafter "Ohio Division of Securities"), which fact was not disclosed to the Plaintiffs.

11. As a result of the investigation by the Ohio Division of Securities that agency issued a Division Order on or about June 19, 2006, a copy of which is attached hereto as Exhibit "E".

12. The Division Order (Exhibit "E") states that the Subordinated Investment Certificates, Series 2005-1 (of which Exhibits "A" and "B" comprise a part) were to raise money for defendant Evergreen Investment Corporation, with which defendant Evergreen Homes LLC is affiliated.

13. The Division Order (Exhibit "E") further states that defendant David Willan is the president of and controls defendant Evergreen Investment Corporation, and that defendant David Willan also controls the operation of defendant Evergreen Homes LLC.

14. The Division Order (Exhibit "E") further states that the offering circular provided investors in the Subordinated Investment Certificates, Series 2005-1 (of which Exhibits "A" and "B" comprise a part) misrepresented that Evergreen Investment Corporation was solvent when, in fact, it was insolvent.

15. The Division Order (<u>Exhibit</u> "<u>E</u>") further states that the defendants sold the Subordinated Investment Certificates, Series 2005-1 in violation of Ohio Rev. Code sec.1707.44(D) because the defendants knew Evergreen Investment Corporation was insolvent but did not disclose such fact.

16. The Division Order (<u>Exhibit</u> "<u>E</u>") further states that the defendant Daniel Mohler sold the Subordinated Investment Certificates, Series 2005-1 without a license, and Mr. Mohler sold the securities listed hereinbefore to the plaintiffs.

17. The defendants sold plaintiffs Betty I. Wandling and Arlene M. Kupczak the "Class G Membership Units" (<u>Exhibit</u> "<u>C</u>" and "<u>D</u>") at a time when defendants knew its affiliate, defendant Evergreen Investment Corporation, was insolvent and under investigation, in an apparent scheme to obtain said plaintiffs' money free of any restriction by the Ohio Division of Securities.

18. In fact, had plaintiffs known any of the foregoing they would not have made the investments (<u>Exhibits</u> "<u>A</u>" through "<u>D</u>").

19. The acts of the defendants aforesaid in misrepresenting the financial condition of Evergreen Investment Corporation and Evergreen Homes LLC were intentional and commited with the intention of causing plaintiffs to make the investments (<u>Exhibit</u> "<u>A</u>" through "<u>D</u>") based on the misunderstanding that said securities were good investments.

20. In fact, the securities were not good investments and, had they known the information intentionally withheld from them and misrepresented by the defendants, plaintiffs would not have purchased the securities (<u>Exhibit</u> "<u>A</u>" through "<u>D</u>").

21. Plaintiffs have hired Atty. Sidney N. Freeman, Sidney N. Freeman Co., L.P.A., and Atty. Robert McNamara, McNamara, Demczyk and DeHaven Co., L.P.A. and have agreed to pay said attorneys a reasonable fee for their services herein.

22. Plaintiffs are entitled to recover for their losses incurred as a result of the intentional misrepresentations of the defendants, in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00).

## SECOND COUNT – Statutory Fraud

23. For the Second Count of Plaintiffs' Complaint they incorporate by this reference each and every allegation contained in paragraphs #1 through 22 hereof as if rewritten.

24. The Defendants, by use as aforesaid of the offering circular for the sale of Subordinated Investment Certificates, Series 2005-1 (of which Exhibits "A" and "B" comprise a part) violated Ohio Rev. Code sec.1707.41.

25. The Defendants also utilized the Confidential Private Placement Memorandum – Class G Membership Units, a copy of which is attached hereto as Exhibit "F" in connection with the sale to plaintiffs Betty I. Wandling and Arlene M. Kupczak of the "Class G Membership Units" (Exhibit "C" and "D").

26. The misrepresentations and nondisclosures of material fact as aforesaid were also made or omitted in the Confidential Private Placement Memorandum – Class G Membership Units (Exhibit "F"), and the plaintiffs Betty I. Wandling

and Arlene M. Kupczak purchased the "Class G Membership Units" (Exhibit "C" and "D") in reliance upon the misrepresentations and nondisclosures

27. Plaintiffs are entitled to recover for the loss or damage they sustained by such reliance in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00) for fraud under Ohio Rev. Code sec.1707.41.

## THIRD COUNT – Rescission

28. For the Third Count of Plaintiffs' Complaint they incorporate by this reference each and every allegation contained in paragraphs #1 through 27 hereof as if rewritten.

29. The conduct of the defendants as identified within the Division Order (Exhibit "E") violates Ohio Revised Code Chapter 1707.

30. Plaintiffs are entitled to declare the sales of the securities (Exhibits "A" through "D").

31. Plaintiffs are entitled to recover of the Defendants the purchase price of the securities, in the amount of THREE HUNDRED NINETY THOUSAND AND NO/100 DOLLARS ($390,000.00).

## FOURTH COUNT – Fraud

32. For the Fourth Count of Plaintiffs' Complaint they incorporate by this reference each and every allegation contained in paragraphs #1 through 31 hereof as if rewritten.

33. Defendants intentionally misrepresented that the securities (Exhibits "A" through "D") were investments in profitable and solvent businesses when, in fact, they were not.

34. Defendants intentionally or recklessly failed to disclose that Evergreen Investment Corporation was the subject of an Ohio Division of Securities investigation.

35. The said misrepresentations and nondisclosures were material to Plaintiffs' decision to purchase the securities.

36. Said misrepresentations and nondisclosures were committed for the purpose of causing Plaintiffs to make investments in the referenced securities.

37. Plaintiffs relied upon such misrepresentations and nondisclosures to their detriment, and would not have purchased the securities had they known the truth.

38. Plaintiffs were damaged by such misrepresentations and nondisclosures in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00).

## FIFTH COUNT – Punitive Damages

39. For the Fifth Count of Plaintiffs' Complaint they incorporate by this reference each and every allegation contained in paragraphs #1 through 38 hereof as if rewritten.

40. The acts of the Defendants aforesaid are willful, malicious and show a corrupt state of affairs.

41. Defendants will not refrain from committing such acts in the future unless they are punished for their conduct.

42. Plaintiffs are entitled to punitive damages in the amount of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00).

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them, jointly, severally and unconditionally, as follows:

    I.    For violation of Rule 10b-5 in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500.000.00);

    II.    For violation of Ohio Rev. Code sec.1707.41 in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00);

    III.    For recovery of the purchase price of the securities under Ohio Rev. Code sec.1707.43 in the amount of THREE HUNDRED NINETY THOUSAND AND NO/100 DOLLARS ($390,000.00):

    IV.    For fraud in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00);

    V.    For punitive damages in the amount of TWO MILLION AND NO/100 DOLLARS ($2,000.000.00);

    VI.    For the reasonable fees of plaintiffs' attorneys and expenses in the prosecution of this action;

    VII.    For pre- and post-judgment interest at the maximum amount allowable by law: and

    VIII.    For such further and additional relief as the Court deems just or equitable.

/s/ Sidney N. Freeman
Sidney N. Freeman #0031525
SIDNEY N. FREEMAN CO., L.P.A.
7 W. Bowery Street, Suite #604
Akron, OH 44308
(330) 762-9191
Fax (330) 762-4244
e-mail: sfreeman@dailyandhaskins.com

Robert McNamara (Ohio #0011829)
McNAMARA, DEMCZYK &
DeHAVEN CO., L.P.A.
12370 Cleveland Avenue, N.W.
P.O. Box 867
Uniontown, OH 44685
(330) 699-6703
fax (330) 699-4803
e-mail: rmcnamaraatty@neo.rr.com

Attorneys for Plaintiffs

JURY DEMAND

I hereby demand that the trial of this action be conducted before a jury of the number and chosen in accordance with the Federal Rules of Civil Procedure and Local Rule.